# UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

## NOTICE OF HEARING SESSION

Pursuant to the order of the United States Judicial Panel on Multidistrict Litigation filed today, notice is hereby given that a hearing session has been scheduled to consider various matters under 28 U.S.C. § 1407.

DATE OF HEARING SESSION:   **March 25, 2021**

LOCATION OF HEARING SESSION:   United States Judicial Panel on Multidistrict Litigation
Thurgood Marshall Federal Judiciary Building
One Columbus Circle, NE
Washington, DC  20544-0005

TIME OF HEARING SESSION**:**   **11:00 a.m.**

SCHEDULED MATTERS:  Matters scheduled for consideration at this hearing session are listed on the enclosed Hearing Session Order and Schedule of Matters for Hearing Session.

- Section A of this Schedule lists the matters designated for oral argument **by videoconference or teleconference** and includes all actions encompassed by Motion(s) for transfer filed pursuant to Rules 6.1 and 6.2 and Orders to Show Cause filed pursuant to Rule 8.1(a).  Any party waiving oral argument pursuant to Rule 11.1(d) need not participate in the Hearing Session videoconference or teleconference.

- Section B of this Schedule lists the matters that the Panel has determined to consider **without oral argument**, pursuant to Rule 11.1(c).  Parties and counsel involved in these matters need not participate in the Hearing Session.

ORAL ARGUMENT:

- **THE PANEL WILL HEAR ORAL ARGUMENT BY VIDEOCONFERENCE OR TELECONFERENCE.**  Further details regarding how the Hearing Session will be conducted—including sign-in information, allocation of argument times, and a mandatory training session for arguing attorneys—shall be provided after the filing of the parties' Notices of Presentation or Waiver of Oral Argument.
Note that the training session is not mandatory for attorneys who previously have attended a training session.

- 2 -

- The Panel carefully considers the positions advocated in filings with the Panel when it allocates time to attorneys presenting oral argument. The Panel, therefore, expects attorneys to adhere to those positions including those concerning an appropriate transferee district.

- The Panel expects attorneys presenting oral argument to be prepared to discuss what steps they have taken to pursue alternatives to centralization including, but not limited to, engaging in informal coordination of discovery and scheduling, and seeking Section 1404 transfer of one or more of the subject cases.

For those matters listed on Section A of the Schedule, the "Notice of Presentation or Waiver of Oral Argument" must be filed in this office no later than **March 1, 2021**. The procedures governing Panel oral argument (Panel Rule 11.1) are attached. The Panel strictly adheres to these procedures.

FOR THE PANEL:

John W. Nichols
Clerk of the Panel

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

**HEARING SESSION ORDER**

The Panel issues the following orders in connection with its next hearing session,

IT IS ORDERED that on March 25, 2021, the Panel will convene a hearing session in Washington, DC, to consider the matters on the attached Schedule under 28 U.S.C. § 1407.

IT IS FURTHER ORDERED that the Panel may, on its own initiative, consider transfer of any or all of the actions in those matters to any district or districts.

IT IS FURTHER ORDERED that, in light of the ongoing COVID-19 pandemic, the Panel will hear oral argument on the matters listed on Section A of the attached Schedule **by videoconference or teleconference**, unless the parties waive oral argument or unless the Panel later decides to dispense with oral argument pursuant to Panel Rule 11.1(c).

IT IS FURTHER ORDERED that the Panel will consider without oral argument the matters listed on Section B of the attached Schedule pursuant to Panel Rule 11.1(c). The Panel reserves the prerogative, on any basis including submissions of parties pursuant to Panel Rule 11.1(b), to designate any of those matters for oral argument.

IT IS FURTHER ORDERED that the Clerk of the Judicial Panel on Multidistrict Litigation shall direct notice of this hearing session to counsel for all parties involved in the matters on the attached Schedule.

PANEL ON MULTIDISTRICT LITIGATION

_____
Karen K. Caldwell
Chair

Catherine D. Perry    Nathaniel M. Gorton
Matthew F. Kennelly  David C. Norton
Roger T. Benitez      Dale A. Kimball

SCHEDULE OF MATTERS FOR HEARING SESSION
March 25, 2021 -- Washington, DC

## SECTION A
## MATTERS DESIGNATED FOR ORAL ARGUMENT

(This schedule contains only those civil actions listed in the Schedule(s) of Actions submitted with the docketed motion(s) for transfer. See Panel Rules 6.1 and 6.2. In the event these dockets are centralized, other actions of which the Panel has been informed may be subject to transfer pursuant to Panel Rule 7.1.)

MDL No. 2984 ‒ **IN RE: FOLGERS COFFEE MARKETING AND SALES PRACTICES LITIGATION**

Motion of plaintiffs Shelly Ashton, et al., to transfer the following actions to the United States District Court for the Central District of California:

Central District of California

TAN v. THE FOLGER COFFEE COMPANY, ET AL., C.A. No. 2:20‒09370
ASHTON, ET AL. v. THE J.M. SMUCKER COMPANY, ET AL., C.A. No. 5:20‒00992

Southern District of Florida

SORIN v. THE FOLGER COFFEE COMPANY, C.A. No. 9:20‒80897

Northern District of Illinois

MOSER v. THE J.M. SMUCKER COMPANY, ET AL., C.A. No. 1:20‒07074

Western District of Missouri

MAWBY v. THE FOLGER COFFEE COMPANY, C.A. No. 4:20‒00822

MDL No. 2985 ‒ **IN RE: APPLE INC. APP STORE SIMULATED CASINO‒STYLE GAMES LITIGATION**

Motion of defendant Apple Inc., to transfer the following actions to the United States District Court for the Northern District of California:

Northern District of Alabama

LARSEN v. APPLE INC., C.A. No. 2:20‒01652

District of Connecticut

WORKMAN v. APPLE INC., C.A. No. 3:20‒01595

Northern District of Georgia

PAYTON v. APPLE INC., C.A. No. 1:20‒04326

Northern District of New York

CUSTODERO v. APPLE INC., C.A. No. 5:20‒01320

Southern District of Ohio

MCCLOSKEY v. APPLE INC., C.A. No. 3:20‒00434

Western District of Tennessee

VIGLIETTI v. APPLE INC., C.A. No. 2:20‒02773

MDL No. 2987 ‒ **IN RE: GENERAL MOTORS LLC CHEVROLET BOLT EV BATTERY PRODUCTS LIABILITY LITIGATION**

Motion of plaintiffs Andres Torres, et al., to transfer the following actions to the United States District Court for the Eastern District of Michigan: or, in the alternative, the United States District Court for the Northern District of Illinois:

Central District of California

PANKOW, ET AL. v. GENERAL MOTORS, LLC, C.A. No. 5:20‒02479

Northern District of Illinois

TORRES v. GENERAL MOTORS LLC, C.A. No. 1:20‒07109

Eastern District of Michigan

ALTOBELLI, ET AL. v. GENERAL MOTORS LLC, C.A. No. 2:20‒13256
RANKIN v. GENERAL MOTORS LLC, C.A. No. 2:20‒13279
ZAHARIUDAKIS v. GENERAL MOTORS, LLC, C.A. No. 2:21‒10338

MDL No. 2988 – **IN RE: ALL‑CLAD METALCRAFTERS, LLC, COOKWARE MARKETING AND SALES PRACTICES LITIGATION**

Motion of defendants All-Clad Metalcrafters, LLC, and Groupe SEB USA, Inc., to transfer the following actions to the United States District Court for the Western District of Pennsylvania:

Northern District of California

MEARS v. ALL‑CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 3:20‑02662

Southern District of Florida

MONTALVO v. ALL‑CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 9:20‑82384

Northern District of Georgia

MURRAY, ET AL. v. ALL‑CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 1:21‑00095

District of Massachusetts

EGIDIO v. ALL‑CLAD METALCRAFTERS, LLC, ET AL., C.A. No. 1:20‑12025

MDL No. 2989 – **IN RE: JANUARY 2021 SHORT SQUEEZE TRADING LITIGATION**

Motion of plaintiffs Shane Cheng, et al., to transfer the following actions to the United States District Court for the Northern District of California:

Central District of California

KAYALI, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 2:21‑00835
GOSSETT, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 2:21‑00837
COBOS v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 2:21‑00843

Northern District of California

CEZANA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21‑00759
CHENG, ET AL. v. ALLY FINANCIAL INC., ET AL., C.A. No. 3:21‑00781
CURIEL‑RUTH v. ROBINHOOD SECURITIES LLC, ET AL., C.A. No. 3:21‑00829
MOODY, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 3:21‑00861
DAYS v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 4:21‑00696
DALTON v. ROBINHOOD SECURITIES, LLC, ET AL., C.A. No. 4:21‑00697

KRASOWSKI, ET AL. v. ROBINHOOD FINANCIAL LLC, ET AL.,
   C.A. No. 4:21‑00758
KRUMENACKER v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21‑00838
WIEG v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 5:21‑00693
FEENEY, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 5:21‑00833

Southern District of California

NORDEEN, ET AL. v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21‑00167

District of Colorado

DANIELS v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 1:21‑00290

District of Connecticut

ZIEGLER v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21‑00123
FRESA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 3:21‑00134

Middle District of Florida

DIAMOND v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 6:21‑00207
SCHAFF v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 8:21‑00216
SCHAFF v. TD AMERITRADE, INC., C.A. No. 8:21‑00222
PERRI, ET AL. v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 8:21‑00234

Northern District of Florida

BAIRD v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 4:21‑00061

Southern District of Florida

COURTNEY v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 0:21‑60220
FRAY v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 0:21‑60226
JUNCADELLA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21‑20414
SCALIA v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 9:21‑80238

Northern District of Illinois

GATZ v. ROBINHOOD FINANCIAL, LLC, C.A. No. 1:21‑00490
KAYALI, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 1:21‑00510

LAGMANSON, ET AL. v. ROBINHOOD MARKETS, INC., ET AL.,
  C.A. No. 1:21−00541
CHERRY v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21−00574
HISCOCK v. TD AMERITRADE, INC., C.A. No. 1:21−00624

    District of New Jersey

ZYBURA v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 2:21−01348
MUNCY v. ROBINHOOD SECURITIES, LLC, ET AL., C.A. No. 2:21−01729
NOORZAIE v. ROBINHOOD MARKETS, INC., ET AL., C.A. No. 3:21−01361

    Southern District of New York

NELSON v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21−00777
WILLIAMS v. WEBULL FINANCIAL LLC, C.A. No. 1:21−00799

    Eastern District of Pennsylvania

MINNICK, ET AL. v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 2:21−00489

    Western District of Pennsylvania

OMAHNE v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 3:21−00013

    Southern District of Texas

ROSS, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21−00292
NG, ET AL. v. ROBINHOOD FINANCIAL, LLC, ET AL., C.A. No. 4:21−00311

    Eastern District of Virginia

LAVIN v. ROBINHOOD FINANCIAL LLC, ET AL., C.A. No. 1:21−00115

# SECTION B
## MATTERS DESIGNATED FOR CONSIDERATION WITHOUT ORAL ARGUMENT

MDL No. 2642 – **IN RE: FLUOROQUINOLONE PRODUCTS LIABILITY LITIGATION**

Opposition of plaintiff Kenneth L. Jackson to transfer of the following action to the United States District Court for the District of Minnesota:

Middle District of Florida

JACKSON v. BAYER HEALTHCARE PHARMACEUTICALS, INC., ET AL., C.A. No. 6:20–02219

MDL No. 2804 – **IN RE: NATIONAL PRESCRIPTION OPIATE LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Ohio:

Eastern District of Missouri

ST. CLAIR COUNTY, MISSOURI v. ALLERGAN PLC, ET AL., C.A. No. 4:20–01641

Western District of Oklahoma

CITY OF ALTUS v. CEPHALON, INC., ET AL., C.A. No. 5:20–01180
CITY OF STILLWATER v. CEPHALON, INC., ET AL., C.A. No. 5:20–01269

MDL No. 2816 – **IN RE: SORIN 3T HEATER–COOLER SYSTEM PRODUCTS LIABILITY LITIGATION (NO. II)**

Opposition of plaintiffs Thomas Sterling, et al., to transfer of the following action to the United States District Court for the Middle District of Pennsylvania:

Southern District of Texas

STERLING, ET AL. v. LIVANOVA HOLDING USA, INC., C.A. No. 4:20–04071

MDL No. 2873 – **IN RE: AQUEOUS FILM‑FORMING FOAMS PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiff Aqua Pennsylvania, Inc., and defendants Daikin America, Inc., and Neo Industries (Weirton), Inc., to transfer of their respective following actions to the United States District Court for the District of South Carolina:

Eastern District of Pennsylvania

AQUA PENNSYLVANIA, INC. v. NATIONAL FOAM, INC., ET AL.,
  C.A. No. 2:21‑00056

Northern District of West Virginia

WEIRTON AREA WATER BOARD, ET AL. v. 3M COMPANY, ET AL.,
  C.A. No. 5:20‑00102

MDL No. 2885 – **IN RE: 3M COMBAT ARMS EARPLUG PRODUCTS LIABILITY LITIGATION**

Oppositions of plaintiffs to transfer of their respective following actions to the United States District Court for the Northern District of Florida:

District of Minnesota

ALLEN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‑02380
CAVINS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‑02408
ABRAMS, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‑02419
BOLOTIN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‑02481
BODEAU, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‑02506
BROWN, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:20‑02643
CLERK, ET AL. v. AEARO TECHNOLOGIES LLC, ET AL., C.A. No. 0:20‑02691
BAKER, ET AL. v. 3M COMPANY, ET AL., C.A. No. 0:21‑00100

MDL No. 2968 – **IN RE: GENERALI COVID‑19 TRAVEL INSURANCE LITIGATION**

Opposition of plaintiffs Martha Cooper, et al., to transfer of the following action to the United States District Court for the Southern District of New York:

<u>Northern District of California</u>

COOPER, ET AL. v. GENERALI GLOBAL ASSISTANCE, INC., ET AL., C.A. No. 3:20‑08569

MDL No. 2969 – **IN RE: ERIE COVID‑19 BUSINESS INTERRUPTION PROTECTION INSURANCE LITIGATION**

Opposition of plaintiff Steven A. Udesky OD and Associates P.C. to transfer of the following action to the United States District Court for the Western District of Pennsylvania:

<u>Northern District of Illinois</u>

STEVEN A. UDESKY OD AND ASSOCIATES P.C. v. ERIE INSURANCE PROPERTY & CASUALTY COMPANY, C.A. No. 1:20‑04994

MDL No. 2972 – **IN RE: BLACKBAUD, INC., CUSTOMER DATA SECURITY BREACH LITIGATION**

Opposition to transfer and motion for separation and remand of defendant President and Fellows of Harvard College and opposition of plaintiff Brian Peterson and defendant Allina Health System to transfer of their respective following actions to the United States District Court for the District of South Carolina:

<u>District of Minnesota</u>

PETERSON v. ALLINA HEALTH SYSTEM, ET AL., C.A. No. 0:20‑02275

<u>Western District of Washington</u>

COHEN v. BLACKBAUD, INC., ET AL., C.A. No. 2:20‑01388

MDL No. 2974 – **IN RE: PARAGARD IUD PRODUCTS LIABILITY LITIGATION**

  Opposition of defendants Teva Pharmaceuticals USA, Inc.; Teva Women's Health, Inc., Teva Women's Health, LLC; Teva Branded Pharmaceutical Products R&D, Inc.; The Cooper Companies, Inc.; and CooperSurgical, Inc., to transfer of the following actions to the United States District Court for the Northern District of Georgia:

  <u>Eastern District of New York</u>

  MILLER v. TEVA PHARMACEUTICALS USA, INC., ET AL., C.A. No. 1:20‑06217

  <u>Northern District of West Virginia</u>

  SIGLEY v. TEVA PHARMACEUTICALS, USA, INC., ET AL., C.A. No. 1:20‑00257

RULE 11.1: HEARING SESSIONS AND ORAL ARGUMENT

    (a)    <u>Schedule</u>.  The Panel shall schedule sessions for oral argument and consideration of other matters as desirable or necessary. The Chair shall determine the time, place and agenda for each hearing session. The Clerk of the Panel shall give appropriate notice to counsel for all parties. The Panel may continue its consideration of any scheduled matters.

    (b)    <u>Oral Argument Statement</u>.  Any party affected by a motion may file a separate statement setting forth reasons why oral argument should, or need not, be heard. Such statements shall be captioned "Reasons Why Oral Argument Should [Need Not] Be Heard" and shall be limited to 2 pages.

        (i)   The parties affected by a motion to transfer may agree to waive oral argument. The Panel will take this into consideration in determining the need for oral argument.

    (c)    <u>Hearing Session</u>.  The Panel shall not consider transfer or remand of any action pending in a federal district court when any party timely opposes such transfer or remand without first holding a hearing session for the presentation of oral argument. The Panel may dispense with oral argument if it determines that:

        (i)    the dispositive issue(s) have been authoritatively decided; or
        (ii)   the facts and legal arguments are adequately presented and oral argument would not significantly aid the decisional process.

Unless otherwise ordered, the Panel shall consider all other matters, such as a motion for reconsideration, upon the basis of the pleadings.

    (d)    <u>Notification of Oral Argument</u>.  The Panel shall promptly notify counsel of those matters in which oral argument is scheduled, as well as those matters that the Panel will consider on the pleadings. The Clerk of the Panel shall require counsel to file and serve notice of their intent to either make or waive oral argument. Failure to do so shall be deemed a waiver of oral argument. If counsel does not attend oral argument, the matter shall not be rescheduled and that party's position shall be treated as submitted for decision on the basis of the pleadings filed.

        (i)    Absent Panel approval and for good cause shown, only those parties to actions who have filed a motion or written response to a motion or order shall be permitted to present oral argument.
        (ii)   The Panel will not receive oral testimony except upon notice, motion and an order expressly providing for it.

    (e)    <u>Duty to Confer</u>.  Counsel in an action set for oral argument shall confer separately prior to that argument for the purpose of organizing their arguments and selecting representatives to present all views without duplication. Oral argument is a means for counsel to emphasize the key points of their arguments, and to update the Panel on any events since the conclusion of briefing.

    (f)    <u>Time Limit for Oral Argument</u>.  Barring exceptional circumstances, the Panel shall allot a maximum of 20 minutes for oral argument in each matter. The time shall be divided among those with varying viewpoints.  Counsel for the moving party or parties shall generally be heard first.